## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN PAUL ODHUNO, )<br><br>Plaintiff, )<br><br>v. )<br><br>REED'S COVE HEALTH AND REHABILITATION, )<br>LLC d/b/a AVITA; AXIOM HEALTHCARE )<br>SERVICES, LLC; AUDREY SUNDERRAJ; )<br>CAROL SCHIFFELBEIN; and TIM KECK, )<br>in his official capacity as Secretary of the Kansas )<br>Department for Aging and Disability Services, )<br><br>Defendants. )<br>_____)| Case No. 15-1347-EFM-JPO |

### REED'S COVE HEALTH AND REHABILIATION, LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Reed's Cove Health and Rehabilitation, LLC d/b/a Avita Health and Rehab at Reeds Cove ("Avita"), by and through counsel, denies each and every allegation in Plaintiff's Amended Complaint not specifically admitted herein, with further answers as set forth below.

### BACKGROUND

In July 2014, Avita investigated a complaint of abuse involving one of its residents. The resident was 87 years old and suffered from dementia and macular degeneration with psychosis and chronic delusions. Through a reasonable and thorough investigation, Avita found no evidence to corroborate any of the resident's allegations. In contrast, Avita found evidence that directly refuted some of the resident's allegations. Based on these findings, Avita concluded that the alleged abuse had not occurred. Of particular relevance to this lawsuit, Avita was unable to identify an alleged abuser as the resident could not identify that individual by name or provide enough of a description for Avita to be able to identify him. The only identifying information

provided to Avita was that the alleged abuser was a black male nurse and Avita employs many black male nurses.

About one week later, pursuant to a separate complaint, the Kansas Department of Aging and Disability Services ("KDADS") commenced a compliance investigation (known as a "survey") of Avita that was focused on the same abuse allegations that Avita had just recently investigated. Despite a dearth of evidence in support of any of the resident's allegations, and in the face of credible evidence directly refuting some of those allegations, KDADS not only determined that the alleged abuse had occurred, but KDADS also determined that Plaintiff was the employee responsible for it. Avita tried to explain to KDADS why it believed the agency's findings were flawed, but KDADS would not budge from its position.

Based on its determination, KDADS brought the full weight of its statutory and regulatory authority to bear. KDADS found that Avita's continued employment of Plaintiff placed Avita's residents' health and safety in "immediate jeopardy." In addition to substantial monetary penalties, the "immediate jeopardy" finding triggered a countdown commanded by the federal regulations that govern the receipt of federal and state funding (*i.e.* Medicare and Medicaid) by skilled nursing facilities, like Avita. In short, if Avita did not take steps to abate the "immediate jeopardy," within 23 days one of two events would occur: either KDADS would step in and take over management of the facility, at which time it would take steps on its own to abate the immediate jeopardy, or Avita would become ineligible to receive government reimbursements, which amount to approximately two-thirds of Avita's annual revenues. *See* 42 C.F.R. § 488.410. KDADS was crystal clear in its mandate. The only way it would remove the "immediate jeopardy" finding was if Avita terminated Plaintiff's employment. With the proverbial gun to its head, Avita made the tough decision to discharge Plaintiff.

Avita's decision to discharge Plaintiff occurred solely to avoid the catastrophic consequences that would have resulted if the "immediate jeopardy" finding remained in place. Neither Plaintiff's gender, nor race, nor his national origin influenced Avita's decision.

In specific response to each of the numbered paragraphs of Plaintiff's Amended Complaint, Avita states as follows:

## I.   PARTIES

In specific response to each of the numbered paragraphs of Plaintiff's Amended Complaint, Avita states as follows:

1.      Avita lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Amended Complaint and therefore denies them.

2.      Avita admits the allegations in paragraph 2 of the Amended Complaint, except that the business operates under the names of Avita Health and Rehab at Reed's Cove or Reed's Cove Health and Rehabilitation.  For consistency in this Answer, we will refer to this entity as "Avita."

3.      Avita admits that Axiom Healthcare Services, LLC ("Axiom") is a Kansas limited liability company and that Frederick Hermes is its resident agent.  Avita denies the remaining allegations in paragraph 3 of the Amended Complaint.

4.      Avita admits that in July and August 2014, it understood Audrey Sunderraj's position to be the Director of Survey and Certification for KDADS.  The remaining allegations in paragraph 4 of the Amended Complaint are legal conclusions to which no response is required.

5.      Avita admits that in July and August 2014, it understood Carol Schiffelbein's position to be a Regional Manager for KDADS.  The remaining allegations in paragraph 5 of the Amended Complaint are legal conclusions to which no response is required.

6.      Avita admits that Tim Keck is identified by KDADS as its Interim Secretary.  The remaining allegations in paragraph 6 of the Amended Complaint do not require a response, but to the extent a response is required, Avita denies them.

## II.    JURISDICTION AND VENUE

7.      Responding to paragraph 7 of the Amended Complaint, Avita admits that this Court has jurisdiction.

8.      Responding to paragraph 8 of the Amended Complaint, Avita admits that this Court presently has supplemental jurisdiction over Plaintiff's state law claims.

9.      Answering paragraph 9 of the Amended Complaint, Avita denies that it engaged in any unlawful acts or omissions, but admits that venue as to Plaintiff's claims is proper in this Court.

10.     Avita admits that Plaintiff filed a charge of discrimination alleging violations of Title VII against Avita and that on August 5, 2015, the EEOC terminated its processing of Plaintiff's charge and issued a "Notice of Right to Sue" at Plaintiff's request.  Avita further admits that Plaintiff filed his initial Complaint in this case on November 3, 2015.  The remaining allegations in paragraph 10 of the Amended Complaint are legal conclusions to which no response is required; however, to the extent a response is required Avita denies those allegations.

11.     Avita admits that plaintiff is a black male who is a legal resident of the United States.  Avita further admits that plaintiff has identified himself as John Paul Odhuno and Paul Onyango Odhuno.  Avita lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 of the Amended Complaint and therefore denies them.

12.     Avita admits that Plaintiff was during his employment with Avita and remains to date listed as an active Certified Nurse Aide ("CNA") on the KDADS' Nurse Aide Registry, and that the registry shows Plaintiff as being certified since January 2002.  Avita further admits that prior to his employment with Avita, Plaintiff worked as a CNA for other adult care homes. Avita lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 of the Amended Complaint and therefore denies them.

13.     Avita admits that it operates a skilled nursing facility that is licensed by KDADS and that it hired Plaintiff as a CNA in January 2014.  Avita lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 of the Amended Complaint and therefore denies them.

14.     Avita admits the allegations in paragraph 14 of the Amended Complaint.

15.     Avita admits that some of its female residents have expressed a preference for female care givers.  As Plaintiff's allegations do not identify the particular female resident, Avita is unable to form a belief about the truth of the allegations in paragraph 15 of the Amended Complaint.  However, for purposes of this Answer, Avita construes the reference to "resident" as referring to the female resident who was identified during the subsequent KDADS survey as Resident 3 (hereinafter "Resident").  As to Resident, Avita admits that she had expressed a preference for female caregivers.  Avita denies any remaining allegations in Paragraph 15 of the Amended Complaint.

16.     Avita denies the allegations in paragraph 16 of the Amended Complaint.

17.     Avita admits that Resident was incontinent and that Resident's bed had a sensor that would alert if she attempted to get out of bed.  Avita denies the remaining allegations in paragraph 17 of the Amended Complaint.

18.     Avita admits that an occupational therapist who provided services to Avita's residents (Lori Ribaudo), reported that during her treatment of Resident on July 23, 2014, Resident claimed that an unnamed "black male nurse" had touched her inappropriately on

several occasions and this same individual had taken Resident into the courtyard during the most recent holiday and was rough with her in the grass.  Avita further admits that it concluded after an investigation into Resident's complaints that the alleged abuse had not occurred.  Avita denies any remaining allegations in paragraph 18 of the Amended Complaint.

19.     Avita admits that it determined after an investigation into Resident's complaints that the alleged abuse had not occurred.  Avita denies the remaining allegations in paragraph 19 of the Amended Complaint.

20.     Avita admits that Ms. Ribaudo reported to Avita's Administrator that Resident had claimed that a black male nurse had engaged in abuse.   Avita further admits that it investigated the complaint, which included interviews of Resident, who had been diagnosed with dementia.  During one of these interviews, Resident was unable to form coherent sentences and was nonsensical.   Avita denies any remaining allegations in paragraph 20 of the Amended Complaint.

21.     Avita admits that during its interviews with Resident, Resident was unwilling or unable to provide clarifying information on the alleged abuse or her alleged abuser.   Avita further admits that following its investigation it concluded that the alleged abuse had not occurred.  Avita denies any remaining allegations in paragraph 21 of the Amended Complaint.

22.     Avita admits that during its investigation of Resident's allegations, Plaintiff was not notified.  Avita denies any remaining allegations in paragraph 22 of the Amended Complaint.

23.     Paragraph 23 of the Amended Complaint contains a summary of a Kansas statutory provision, the content of which speaks for itself such that no response is required.  However, to the extent a response is required Avita denies the allegations of paragraph 23.

24.     The statutory language Plaintiff quotes in paragraph 24 of the Amended Complaint speaks for itself such that no response is required.  However, to the extent a response is required Avita denies the allegations of paragraph 24.

25.     Avita admits the allegations in paragraph 25 of the Amended Complaint.

26.     Avita denies the allegations in paragraph 26 of the Amended Complaint.

27.     Avita denies the allegations in paragraph 27 of the Amended Complaint.

28.     Avita admits that KDADS initiated a compliance survey on July 31, 2014, and the subject matter of Resident's July 23, 2014, complaint became the focus of that survey. Avita further admits that it had not previously reported the complaint to KDADS. Avita denies that Defendants Schiffelbein or Sunderraj ever came on-site as part of the survey, and further denies any remaining allegations in paragraph 28 of the Amended Complaint.

29.     Avita admits that on July 31, 2014, at the direction of the KDADS' surveyor, it suspended all black male employees, who were told that the suspension was due to an investigation into allegations of abuse. Avita denies the remaining allegations in paragraph 29 of the Amended Complaint.

30.     Avita admits that per the direction of the KDADS' surveyor, Avita suspended all black male employees on July 31. Avita subsequently reinstated all suspended employees on August 1 and paid them for any missed shifts. Avita denies the remaining allegations in paragraph 30 of the Amended Complaint.

31.     Avita admits that on August 6, 2014, Plaintiff was notified that KDADS had determined that Plaintiff had engaged in abuse and that based on KDADS' determination, Avita was compelled to terminate Plaintiff's employment. Avita further admits that Plaintiff was told that Avita's investigation did not substantiate the findings of the KDADS' survey. Avita denies the remaining allegations in paragraph 31 of the Amended Complaint.

32.     Avita denies the allegations in paragraph 32 of the Amended Complaint.

33.     Avita admits that on or about August 8, 2014, Plaintiff met with Axiom officials, who were acting on Avita's behalf. During that meeting Plaintiff was told that based on Avita's investigation they did not belief that Plaintiff had engaged in abuse, but that Avita had been forced to terminate his employment based on KDADS' findings of abuse and its "immediate jeopardy" finding. During that meeting, Chance Becnel and Plaintiff discussed the terms of a

severance agreement, which terms would include severance pay and a release of claims, among others.  Avita denies the remaining allegations in paragraph 33 of the Amended Complaint.

34.     Avita admits that on August 5, 2015, KDADS surveyors, with Defendant Sunderraj joining by phone, met with Avita and Axiom officials and notified them that KDADS had determined that Plaintiff had engaged in abuse of Resident.  They explained to KDADS how Avita had investigated Resident's allegations and found no evidence that abuse had occurred and that video footage directly refuted some of Resident's claims.  Avita denies the remaining allegations in paragraph 34 of the Amended Complaint.

35.     Avita admits that the investigatory record does not support the conclusion reached by KDADS that Plaintiff had engaged in abuse, or that Resident was subject to abuse.  With respect to the mindset of the KDADS' personnel involved in the audit, including Defendants Sunderraj and Schiffelbein, Avita lacks knowledge or information sufficient to form a belief about the truth of those allegations in paragraph 35 of the Amended Complaint.  As to any remaining allegations in paragraph 35, Avita denies them.

36.     Avita admits that KDADS issued a written report on August 14, 2014, in which KDADS repeated its earlier expressed findings that Resident had been abused.  Avita denies that defendants Sunderraj and Schiffelbein were the on-site surveyors; however, those individuals oversaw the KDADS' surveyors.  Avita further denies that KDADS' conclusions, as expressed in the report, are valid or otherwise supported by credible evidence.  Any remaining allegations in paragraph 36 of the Amended Complaint are denied.

37.     Avita admits that KDADS determined that Direct Care Staff E (which was KDADS' reference to Plaintiff) had engaged in abuse of Resident.  Avita further admits that based on its investigation, Avita concluded that the alleged abuse did not occur.  Avita denies the remaining allegations in paragraph 37 of the Amended Complaint.

38.     Avita admits that its understanding is that KDADS did not interview Plaintiff prior to determining that he had engaged in abuse of Resident.  Avita lacks knowledge or

information sufficient to form a belief about the truth of the allegations regarding the content of KDADS databases, and therefore denies those allegations. Avita denies the remaining allegations in paragraph 38 of the Amended Complaint.

39.     Avita admits that at the direction of the KDADS' surveyor, on July 31, 2014, it notified the Wichita Police Department ("WPD") that Resident had alleged that she had been abused. In response to a subsequent inquiry from WPD, Avita identified Plaintiff as the individual KDADS determined was the abuser. KDADS separately notified WPD of its finding that Plaintiff was the individual it determined to be the abuser. Avita lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Amended Complaint regarding WPD's actions, and therefore denies those allegations. Avita denies any remaining allegations in paragraph 39.

40.     Avita admits that Tim Keck is identified by KDADS as its current Interim Secretary. The remainder of Paragraph 40 of the Amended Complaint is a summary of a Kansas statute, the content of which speaks for itself such that no response is required. To the extent a response is required Avita denies any remaining allegations in paragraph 40.

41.     Avita admits that Plaintiff was a certified nurse aide throughout his employment with Avita. Avita denies that Plaintiff was ever employed by Axiom. The remaining allegations merely restate provisions of a Kansas administrative regulation, which speaks for itself such that no response is required. To the extent a response is required Avita denies the remaining allegations in paragraph 41 of the Amended Complaint.

42.     The allegations of paragraph 42 of the Amended Complaint are summaries of various Kansas and federal regulations, each of which speaks for itself, and conclusions of law. No response is required as to either; however, if a response is required, Avita denies the allegations in paragraph 42.

43.     Avita admits that Plaintiff is a certified CNA and was listed as such on the Kansas Nurse Aide Registry throughout his employment with Avita. The remaining allegations are a

summary of a Kansas administrative regulation, the content of which speaks for itself such that no further response is required.  To the extent a response is required Avita denies the remaining allegations in paragraph 43 of the Amended Complaint.

44.    Avita admits that it operates a skilled nursing facility that is licensed by KDADS. The remainder of paragraph 44 of the Amended Complaint purports to summarize a Kansas statutory provision, the contents of which speak for itself such that no response is required.  To the extent a response is required, Avita denies the allegations

45.    Avita admits that employing an individual who has been convicted of certain criminal offenses, or who lacks a required certification, can lead to the suspension and eventually the revocation of its license to operate.  The remainder of paragraph 45 of the Amended Complaint purports to summarize various Kansas statutory provisions, the contents of which speak for themselves such that no response is required.  To the extent a response is required Avita denies the remaining allegations in paragraph 45.

46.    Avita admits that Plaintiff is listed on KDADS' CNA Registry as a current and active CNA.  The remainder of paragraph 46 purports to summarize a Kansas statutory provision, the content of which speaks for itself such that no response is required.  To the extent a response is required, and as to any remaining allegations in paragraph 46 of the Amended Complaint, Avita denies them.

47.    Avita admits that it is required to check the KDADS' CNA Registry prior to hiring any CNA.  Avita denies that Plaintiff is identified on that registry as ineligible for hire. Avita lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding a denial of subsequent employment and therefore denies those allegations. Plaintiff's remaining allegations in paragraph 47 of the Amended Complaint are a summary of Kansas statutory and regulatory provisions, the contents of which speak for themselves such that no response is required. However, to the extent a response is required Avita denies those allegations.

48.     Paragraph 48 of the Amended Complaint contains a summary of Kansas statutory provisions, the contents of which speaks for themselves such that no response is required; however, to the extent a response is required Avita denies those allegations.

49.     Paragraph 49 of the Amended Complaint contains a summary of Kansas statutory provisions, the contents of which speak for themselves such that no response is required; however, to the extent a response is required Avita denies those allegations.

50.     Paragraph 50 of the Amended Complaint contains a summary of Kansas statutory provisions, the contents of which speak for themselves such that no response is required; however, to the extent a response is required Avita denies those allegations.

51.     Paragraph 51 of the Amended Complaint contains a summary of Kansas statutory provisions, the contents of which speak for themselves such that no response is required; however, to the extent a response is required Avita denies those allegations.

52.     Avita admits that KDADS maintains an ANE report that identifies individuals who were found to have engaged in abuse, neglect, or exploitation (ANE) of an elder.  Avita denies that Plaintiff is listed on that report.  The remaining allegations in paragraph 52 of the Amended Complaint contain a summary of a Kansas statutory provision, the contents of which speaks for itself such that no response is required.  However, to the extent a response is required Avita denies the remaining allegations in paragraph 52.

53.     Paragraph 53 of the Amended Complaint contains a summary of several Kansas and federal statutory and regulatory provisions, the contents of which speak for themselves such that no response is required; however, to the extent a response is required Avita denies the allegations in paragraph 53.

54.     Avita denies that Plaintiff is identified on the KDADS ANE report or that he is listed as not current or inactive on the CNA Registry.  Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' remaining allegations in paragraph 54 of the Amended Complaint and therefore denies those allegations.

55.     Avita denies that Plaintiff is identified on the KDADS ANE report or that he is listed as not current or inactive on the CNA Registry.  Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' remaining allegations in paragraph 55 of the Amended Complaint and therefore denies those allegations.

56.     Paragraph 56 of the Amended Complaint is a summary of provisions of various Kansas administrative regulations, the contents of which speak for themselves such that no response is required. However, to the extent a response is required Avita denies the allegations in paragraph 56.

57.     Paragraph 57 of the Amended Complaint is a summary of various federal statutory provisions, the contents of which speak for themselves such that no response is required.  However, to the extent a response is required Avita denies the allegations in paragraph 57.

58.     Paragraph 58 of the Amended Complaint is a summary of various federal regulatory provisions, the contents of which speak for themselves such that no response is required.  However, to the extent a response is required Avita denies the allegations in paragraph 57.

## COUNT I -- TITLE VII DISCRIMINATION CLAIMS
## AGAINST DEFENDANT AVITA

59.     Avita incorporates its answers to paragraphs 1 through 58 of the Amended Complaint by reference.

60.     Responding to paragraph 60 of the Amended Complaint, Avita admits that Plaintiff is black, but denies that it engaged in any racial discrimination.

61.     Avita denies the allegations in paragraph 61 of the Amended Complaint.

62.     Avita denies the allegations in paragraph 62 of the Amended Complaint.

63.     Avita denies the allegations in paragraph 63 of the Amended Complaint.

64.     Avita lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 of the Amended Complaint and therefore denies those allegations.

65.     Avita denies the allegations in paragraph 65 of the Amended Complaint.

66.     Avita denies the allegations in paragraph 66 of the Amended Complaint.

67.     Avita denies the allegations in paragraph 67 of the Amended Complaint.

68.     Responding to paragraph 68 of the Amended Complaint, Avita admits that Plaintiff is male, but denies that it engaged in gender discrimination.

69.     Avita denies the allegations in paragraph 69 of the Amended Complaint.

70.     Avita denies the allegations in paragraph 70 of the Amended Complaint.

71.     Avita denies the allegations in paragraph 71 of the Amended Complaint.

72.     Avita denies the allegations in paragraph 72 of the Amended Complaint.

73.     Avita denies the allegations in paragraph 73 of the Amended Complaint.

## COUNT II -- § 1981 DISCRIMINATION CLAIMS (RACE AND NATIONAL ORIGIN) AGAINST DEFENDANTS AVITA AND AXIOM

74.     Avita incorporates its answers to paragraphs 1 through 73 of the Amended Complaint by reference.

75.     Avita admits that Plaintiff is black, but denies that he suffered any discrimination on that basis.  Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' remaining allegations in paragraph 75 of the Amended Complaint and therefore denies those allegations.

76.     Avita denies the allegations in paragraph 76 of the Amended Complaint.

77.     Avita denies the allegations in paragraph 77 of the Amended Complaint.

78.     Avita denies the allegations in paragraph 78 of the Amended Complaint.

79.     Avita denies the allegations in paragraph 79 of the Amended Complaint.

80.     Avita denies the allegations in paragraph 80 of the Amended Complaint.

## COUNT III -- § 1983 CLAIMS (CONSTITUTIONAL VIOLATIONS) AGAINST DEFENDANTS SUNDERRAJ AND SCHIFFELBEIN

81.    Avita incorporates its answers to paragraphs 1 through 81 of the Amended Complaint by reference.

82.    Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 82 of the Amended Complaint and therefore denies those allegations.

83.    With respect to the alleged actions of KDADS employees, Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 83 of the Amended Complaint and therefore denies those allegations.  As to the portions of paragraph 83 that summarize judicial opinions or otherwise state legal conclusions, no response is required.  However, to the extent a response is required Avita denies those allegations.   Any remaining allegations in paragraph 83 are also denied.

84.    Avita admits that KDADS' representatives reported their determination that Plaintiff had engaged in abuse of Resident to Avita and that KDADS' immediate jeopardy finding stemming from that determination caused Avita to terminate Plaintiff's employment. With respect to the other alleged actions of KDADS employees, Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 84 of the Amended Complaint and therefore denies those allegations.  As to the portions of paragraph 84 that summarize judicial opinions or otherwise state legal conclusions, no response is required. However, to the extent a response is required Avita denies those allegations.  Any remaining allegations in paragraph 84 are also denied.

85.    Avita admits that KDADS' representatives reported their determination that Plaintiff had engaged in abuse of Resident to Avita and that KDADS' immediate jeopardy finding stemming from that determination caused Avita to terminate Plaintiff's employment. With respect to the other alleged actions of KDADS employees, Avita lacks knowledge or

information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 85 of the Amended Complaint and therefore denies those allegations.  As to the portions of paragraph 85 that summarize judicial opinions or otherwise state legal conclusions, no response is required. However, to the extent a response is required Avita denies those allegations.  Any remaining allegations in paragraph 85 are also denied.

86.     Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 86 of the Amended Complaint and therefore denies those allegations.

87.     Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 87 of the Amended Complaint and therefore denies those allegations.

88.     Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 88 of the Amended Complaint and therefore denies those allegations.

## COUNT IV -- § 1983 (CONSTITUTIONAL VIOLATIONS) AGAINST DEFENDANT KECK IN HIS OFFICIAL CAPACITY FOR PROSPECTIVE EQUITABLE RELIEF

89.     Avita incorporates its answers to paragraphs 1 through 88 of the Amended Complaint by reference.

90.     Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 90 of the Amended Complaint and therefore denies those allegations.

91.     Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 91 of the Amended Complaint and therefore denies those allegations.

92.     Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 92 of the Amended Complaint and therefore denies those allegations.

93.     The allegations in paragraph 93 of the Amended Complaint purport to summarize various legal requirements, the contents of which speak for themselves such that no response is required.  However, to the extent a response is required, Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 93 and therefore denies those allegations.  As to any remaining allegations in paragraph 93, Avita denies them.

94.     The allegations in paragraph 94 of the Amended Complaint purport to summarize various legal requirements, the contents of which speak for themselves such that no response is required.  However, to the extent a response is required, Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 94 and therefore denies those allegations.  As to any remaining allegations in paragraph 94, Avita denies them.

95.     The allegations in paragraph 95 of the Amended Complaint contain legal conclusions or otherwise purport to summarize various legal requirements, the contents of which speak for themselves such that no response is required.  However, to the extent a response is required, Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 95 and therefore denies those allegations.  As to any remaining allegations in paragraph 95, Avita denies them.

96.     Avita lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 96 of the Amended Complaint and therefore denies those allegations.

### COUNT V -- TORT OF OUTRAGE CLAIMS
### AGAINST DEFENDANTS AVITA, AXIOM, SUNDERRAJ, AND SCHIFFELBEIN

97.     Avita incorporates its answers to paragraphs 1 through 96 of the Amended Complaint by reference.

98.     Avita denies the allegations in paragraph 98 of the Amended Complaint.

99.     Avita denies the allegations in paragraph 99 of the Amended Complaint.

100.    Avita denies the allegations in paragraph 100 of the Amended Complaint.

101.    Avita denies the allegations in paragraph 101 of the Amended Complaint.

102.    Avita denies the allegations in paragraph 102 of the Amended Complaint and further denies that the requested relief contained in the subsequent WHEREFORE paragraph is appropriate or should be awarded against Avita.

<u>**AFFIRMATIVE AND OTHER DEFENSES**</u>

Avita's affirmative and other defenses are set forth below.  By stating a defense, Avita does not thereby assume the burden of proof on that defense except to the extent applicable law requires Avita to plead and prove the defense in order to avail itself of the defense.  Avita reserves the right to assert any additional defenses that arise during discovery or through evidence presented at trial.

1.      Plaintiff fails to state a claim against Avita upon which relief may be granted, in whole or in part.

2.      Plaintiff's damages are not of the nature or extent alleged.

3.      Plaintiff's damages are limited or barred to the extent he failed to mitigate his damages.

4.      Some or all of Plaintiff's claims fail because they fail to state claims upon which relief may be granted.

5.      Plaintiff is barred from recovering damages or other relief to the extent sought if he engaged in a dischargeable offense that had not been previously discovered by Avita.

6.      Plaintiff's claim for punitive damages fails because Avita did not act with knowledge or reckless indifference that its actions may be violating federal law.

7.      Plaintiff's claim for punitive damages against Avita is barred because the imposition of punitive damages, in the absence of a showing of malicious intent to cause harm to

Plaintiff, would constitute a denial of due process under the United States Constitution and the Constitution of the State of Kansas.

Respectfully submitted,


*/s/ Forrest T. Rhodes, Jr.*
Forrest T. Rhodes, Jr., #19567
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
316-291-9555
866-347-5132 (fax)
frhodes@foulston.com

*Attorneys for Defendant*
*Reeds Cove Health and Rehabilitation, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March, 2016, I electronically filed the foregoing **REED'S COVE HEALTH AND REHABILIATION, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Edward L. Keeley                                    ekeeley@mcdonaldtinker.com
Katy E. Tompkins                                   ktompkins@mcdonaldtinker.com
McDONALD, TINKER, SKAER,
QUINN & HERRINGTON, P.A.
300 West Douglas Avenue, Suite 500
Wichita, Kansas  67202

        *Attorneys for Plaintiff*

Kimberly M.J. Lynch                                Kimberly.lynch@kdads.ks.gov
KANSAS DEP'T FOR AGING &
DISABILITY SERVICES
503 S. Kansas Ave.
Topeka, Kansas  66603

        *Attorney for Defendants*
        *Sunderraj, Schiffelbein-Jackson, and Keck*


        /s/ Forrest T. Rhodes, Jr.
        Forrest T. Rhodes, Jr., #19567