## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN PAUL ODHUNO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REED'S COVE HEALTH AND REHABILITATION, | ) | Case No. 15-1347-EFM-JPO |
| LLC d/b/a AVITA; AXIOM HEALTHCARE | ) | |
| SERVICES, LLC; AUDREY SUNDERRAJ; | ) | |
| CAROL SCHIFFELBEIN; CHRISTAN ROSE; | ) | |
| TERESA FORTNEY; TREVA BANUELOS; | ) | |
| and TIM KECK, | ) | |
| in his official capacity as Secretary of the Kansas | ) | |
| Department for Aging and Disability Services, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AXIOM HEALTHCARE SERVICES, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW defendant, Axiom Healthcare Services, LLC ("Axiom"), by and through counsel, and provides its answer to the allegations set forth in plaintiff's Third Amended Complaint (Doc. 64). Axiom denies each and every allegation in Plaintiff's Third Amended Complaint not specifically admitted herein, with further answers as set forth below. In specific response to each of the numbered paragraphs of Plaintiff's Third Amended Complaint, Axiom states as follows:

### I.   PARTIES

1.       Axiom lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Third Amended Complaint and therefore denies them.

2.       Axiom admits the allegations in paragraph 2 of the Third Amended Complaint, except that the business operates under the names of Avita Health and Rehab at Reed's Cove or

Reed's Cove Health and Rehabilitation.  For consistency in this Answer, we will refer to this entity as "Avita."

3.      Axiom admits that it is a Kansas limited liability company and that Frederick Hermes is its resident agent.  Axiom denies the remaining allegations in paragraph 3 of the Third Amended Complaint are denied.

4.      Axiom admits that in July and August 2014, it understood Audrey Sunderraj's position to be the Director of Survey and Certification for KDADS.  The remaining allegations in paragraph 4 of the Third Amended Complaint are legal conclusions to which no response is required.

5.      Axiom admits that in July and August 2014, it understood Carol Schiffelbein's position to be a Regional Manager for KDADS.  The remaining allegations in paragraph 5 of the Third Amended Complaint are legal conclusions to which no response is required.

6.      Axiom admits that Tim Keck is identified by KDADS as its Acting Secretary. The remaining allegations in paragraph 6 of the Third Amended Complaint do not require a response, but to the extent a response is required, Axiom denies them.

7.      Axiom admits that in July and August 2014, it understood Christan Rose to be a surveyor for KDADS.   The remaining allegations in paragraph 7 of the Third Amended Complaint are legal conclusions to which no response is required.

8.      Axiom admits that in July and August 2014, it understood Teresa Fortney to be a Regional Manager for KDADS.  The remaining allegations in paragraph 8 of the Third Amended Complaint are legal conclusions to which no response is required.

9.      Axiom admits that in July and August 2014, it understood Treva Banuelos to be a Regional Manager for KDADS.  The remaining allegations in paragraph 9 of the Third Amended Complaint are legal conclusions to which no response is required.

## II.    JURISDICTION AND VENUE

10.     Responding to paragraph 10 of the Third Amended Complaint, Axiom admits that this Court has jurisdiction.

11.     Responding to paragraph 11 of the Third Amended Complaint, Axiom admits that this Court presently has supplemental jurisdiction over Plaintiff's state law claims.

12.     Answering paragraph 12 of the Third Amended Complaint, Axiom denies that it engaged in any unlawful acts or omissions, but admits that venue as to Plaintiff's claims is proper in this Court.

13.     Axiom admits that Plaintiff filed a charge of discrimination alleging violations of Title VII against Avita and that on August 5, 2015, the EEOC terminated its processing of Plaintiff's charge and issued a "Notice of Right to Sue" at Plaintiff's request.  Axiom further admits that Plaintiff filed his initial Complaint in this case on November 3, 2015.  The remaining allegations in paragraph 13 of the Third Amended Complaint are legal conclusions to which no response is required; however, to the extent a response is required Axiom denies those allegations.

14.     Axiom admits that plaintiff is a black male who is a legal resident of the United States.  Axiom further admits that plaintiff has identified himself as John Paul Odhuno and Paul Onyango Odhuno.  Axiom lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the Third Amended Complaint and therefore denies them.

15.     Axiom admits that throughout Plaintiff's employment with Avita Plaintiff was an active Certified Nurse Aide ("CNA") on the KDADS' Nurse Aide Registry since January 2002. Axiom further admits that prior to his employment with Avita, Plaintiff worked as a CNA for other adult care homes.  Axiom lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 of the Third Amended Complaint and therefore denies them.

16.     Axiom admits that Avita operates a skilled nursing facility that is licensed by KDADS and that Avita hired Plaintiff as a CNA in January 2014.

17.     Axiom admits that as a CNA, plaintiff would have performed job duties under the supervision of a licensed nurse and assisted Avita residents with activities of daily living.  As to the remaining allegations in paragraph 17 of the Third Amended Complaint, Axiom lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

18.     Axiom admits that some of Avita's female residents have expressed a preference for female care givers.  As Plaintiff's allegations do not identify the particular female resident, Axiom is unable to form a belief about the truth of the allegations in paragraph 18 of the Third Amended Complaint.  However, for purposes of this Answer, Axiom construes the reference to "resident" as referring to the female resident who was identified during the subsequent KDADS survey as Resident 3 (hereinafter "Resident").  As to Resident, Axiom admits that she expressed a preference for female caregivers.  Axiom denies any remaining allegations in Paragraph 18 of the Third Amended Complaint.

19.     Axiom denies the allegations in paragraph 19 of the Third Amended Complaint.

20.     Axiom admits that Resident was incontinent and that Resident's bed had a sensor that would alert if she attempted to get out of bed.  Axiom denies the remaining allegations in paragraph 20 of the Third Amended Complaint.

21.     Axiom admits that it later became aware that an occupational therapist who provided services to Avita's residents (Lori Ribaudo) reported to Avita that during her treatment of Resident on July 23, 2014, Resident claimed that an unnamed "black male nurse" had touched her inappropriately on several occasions and this same individual had taken Resident into the courtyard during the most recent holiday and was rough with her in the grass.  Axiom further admits that Avita conducted an investigation into Resident's complaints and concluded that the alleged abuse had not occurred.  Axiom denies any remaining allegations in paragraph 21 of the Third Amended Complaint.

22.     Axiom admits that Avita determined after an investigation into Resident's complaints that the alleged abuse had not occurred.  Axiom denies the remaining allegations in paragraph 22 of the Third Amended Complaint.

23.     Axiom admits that Ms. Ribaudo reported to Avita's Administrator that Resident had claimed that a black male nurse had engaged in abuse.  Axiom further admits that Avita investigated the complaint, which included interviews of Resident, who had been diagnosed with dementia.  During one of these interviews, Resident was unable to form coherent sentences and was nonsensical.  Axiom denies any remaining allegations in paragraph 23 of the Third Amended Complaint.

24.     Axiom admits that during the interviews that Avita officials conducted with Resident, Resident was unwilling or unable to provide clarifying information on the alleged abuse or her alleged abuser.  Axiom further admits that following Avita's investigation, Avita

concluded that the alleged abuse had not occurred.   Axiom was aware of the information gathered by Avita during its investigation and Axiom agreed with Avita's conclusions.   Axiom denies any remaining allegations in paragraph 24 of the Third Amended Complaint.

25.   Axiom admits that during Avita's investigation of Resident's allegations, Plaintiff was not notified.   Axiom denies any remaining allegations in paragraph 25 of the Third Amended Complaint.

26.   Paragraph 26 of the Third Amended Complaint contains a summary of a Kansas statutory provision, the content of which speaks for itself such that no response is required. However, to the extent a response is required Axiom denies the allegations of paragraph 26.

27.   The statutory language Plaintiff quotes in paragraph 27 of the Third Amended Complaint speaks for itself such that no response is required.   However, to the extent a response is required Axiom denies the allegations of paragraph 27.

28.   Axiom admits the allegations in paragraph 28 of the Third Amended Complaint.

29.   Axiom denies the allegations in paragraph 29 of the Third Amended Complaint.

30.   Axiom denies the allegations in paragraph 30 of the Third Amended Complaint.

31.   Axiom admits that on July 31, 2014, the named KDADS defendants commenced a compliance survey of Avita, and the subject matter of Resident's July 23, 2014, complaint became the focus of that survey.   Axiom further admits that Avita had not previously reported the complaint to KDADS.   Axiom denies any remaining allegations in paragraph 31 of the Third Amended Complaint.

32.   Axiom admits that on July 31, 2014, at the direction of the KDADS' surveyor, Avita suspended all black male employees who were scheduled to work and told those

employees that the suspension was due to an investigation into allegations of abuse.  Axiom denies the remaining allegations in paragraph 32 of the Third Amended Complaint.

33.     Axiom admits that per the direction of the KDADS' surveyor, Avita suspended all black male employees scheduled to work on July 31.   Avita subsequently reinstated all suspended employees on August 1 and paid them for any missed shifts.   Axiom denies the remaining allegations in paragraph 33 of the Third Amended Complaint.

34.     Axiom admits that on August 6, 2014, it, on Avita's behalf, notified Plaintiff that KDADS had determined that Plaintiff had engaged in abuse and that based on KDADS' determination, Avita was compelled to terminate Plaintiff's employment.  Axiom further admits that it told Plaintiff that Avita's investigation did not substantiate the findings of the KDADS' survey.   Axiom denies the remaining allegations in paragraph 34 of the Third Amended Complaint.

35.     Axiom denies the allegations in paragraph 35 of the Third Amended Complaint.

36.     Axiom admits that on or about August 8, 2014, Plaintiff met with Axiom officials, who were acting on Avita's behalf.  Axiom denies the remaining allegations in paragraph 36 of the Third Amended Complaint.

37.     Axiom admits that on August 5, 2015, Defendant Rose, with Defendant Sunderraj joining by phone, met with Avita and Axiom officials and notified them that KDADS had determined that Plaintiff had engaged in abuse of Resident.  Axiom further admits that Avita and Axiom officials explained to KDADS how Avita had investigated Resident's allegations and found no evidence that abuse had occurred and that video footage directly refuted some of Resident's claims.   Axiom denies the remaining allegations in paragraph 37 of the Third Amended Complaint.

38.     Axiom admits that the investigatory record does not support the conclusion reached by KDADS that Plaintiff had engaged in abuse, or that Resident was subject to abuse. With respect to the mindset of the KDADS' personnel involved in the audit, including Defendants Sunderraj and Schiffelbein, Axiom lacks knowledge or information sufficient to form a belief about the truth of those allegations in paragraph 38 of the Third Amended Complaint.  As to any remaining allegations in paragraph 38, Axiom denies them.

39.     Axiom admits that KDADS issued a written report on August 14, 2014, in which KDADS repeated its earlier expressed findings that Resident had been abused.  Axiom denies that KDADS' conclusions, as expressed in the report, are valid or otherwise supported by credible evidence.  Axiom further denies any remaining allegations in paragraph 39 of the Third Amended Complaint.

40.     Axiom admits that KDADS determined that "Direct Care Staff E" (which was KDADS' reference to Plaintiff) had engaged in abuse of Resident.  Axiom further admits that based on Avita's investigation, Avita concluded that the alleged abuse did not occur.  Axiom denies the remaining allegations in paragraph 40 of the Third Amended Complaint.

41.     Axiom admits that its understanding is that KDADS did not interview Plaintiff prior to determining that he had engaged in abuse of Resident.  Axiom lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the content of KDADS databases, and therefore denies those allegations.  Axiom denies the remaining allegations in paragraph 41 of the Third Amended Complaint.

42.     Axiom admits that it understood defendants Sunderraj and Schiffelbein were acting in a supervisory capacity over defendants Rose, Fortney, and Banuelos as to KDADS' survey of Avita, and that they determined, approved, or acquiesced to KDADS' survey findings.

As to any remaining allegations in paragraph 42 of the Third Amended Complaint, Axiom denies them.

43.     Axiom admits that at the direction of the KDADS' surveyor, on July 31, 2014, Avita notified the Wichita Police Department ("WPD") that Resident had alleged that she had been abused.  In response to a subsequent inquiry from WPD, Avita identified Plaintiff as the individual KDADS determined was the abuser.  KDADS separately notified WPD of its finding that Plaintiff was the individual it determined to be the abuser.  Axiom lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Third Amended Complaint regarding WPD's actions, and therefore denies those allegations. Avita admits that Resident's adult son subsequently signed an affidavit that included a statement that "the whole incident involving a black man was just a dream and she knows that now." Axiom denies any remaining allegations in paragraph 43.

44.     Axiom admits that Tim Keck is identified by KDADS as its current Acting Secretary.  The remainder of Paragraph 40 of the Third Amended Complaint is a summary of a Kansas statute, the content of which speaks for itself such that no response is required.  To the extent a response is required Axiom denies any remaining allegations in paragraph 44.

45.     Axiom denies that Plaintiff was ever employed by Axiom, but admits that Plaintiff was a certified nurse aide throughout his employment with Avita.  The remaining allegations merely restate provisions of a Kansas administrative regulation, which speaks for itself such that no response is required.  To the extent a response is required Axiom denies the remaining allegations in paragraph 45 of the Third Amended Complaint.

46.     The allegations of paragraph 46 of the Third Amended Complaint are summaries of various Kansas and federal regulations, each of which speaks for itself, and conclusions of

law.  No response is required as to either; however, if a response is required, Axiom denies the allegations in paragraph 46.

47.     Axiom admits that Plaintiff is a certified CNA and was listed as such on the Kansas Nurse Aide Registry throughout his employment with Avita.  The remaining allegations are a summary of a Kansas administrative regulation, the content of which speaks for itself such that no further response is required.  To the extent a response is required Axiom denies the remaining allegations in paragraph 47 of the Third Amended Complaint.

48.     Axiom admits that Avita operates a skilled nursing facility that is licensed by KDADS.  The remainder of paragraph 48 of the Third Amended Complaint purports to summarize a Kansas statutory provision, the contents of which speak for itself such that no response is required.  To the extent a response is required, Axiom denies the allegations

49.     Axiom admits that if an entity licensed to operate an adult care home employs an individual who has been convicted of certain criminal offenses, or who lacks a required certification, it can lead to the suspension and eventually the revocation of the entity's license to operate. The remainder of paragraph 49 of the Third Amended Complaint purports to summarize various Kansas statutory provisions, the contents of which speak for themselves such that no response is required.  To the extent a response is required Axiom denies the remaining allegations in paragraph 49.

50.     Paragraph 50 of the Third Amended Complaint purports to summarize a Kansas statutory provision, the content of which speaks for itself such that no response is required.  To the extent a response is required, and as to any remaining allegations in paragraph 50, Axiom denies them.

51.     Axiom admits that an adult care home must check the KDADS' CNA Registry prior to hiring any CAN.  Axiom lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding denials of employment and therefore denies those allegations.   Plaintiff's remaining allegations in paragraph 51 of the Third Amended Complaint are a summary of Kansas statutory and regulatory provisions, the contents of which speak for themselves such that no response is required. However, to the extent a response is required, Axiom denies those allegations.

52.     Paragraph 52 of the Third Amended Complaint contains a summary of Kansas statutory provisions, the contents of which speaks for themselves such that no response is required; however, to the extent a response is required Axiom denies those allegations.

53.     Paragraph 53 of the Third Amended Complaint contains a summary of Kansas statutory provisions, the contents of which speak for themselves such that no response is required; however, to the extent a response is required Axiom denies those allegations.

54.     Paragraph 54 of the Third Amended Complaint contains a summary of Kansas statutory provisions, the contents of which speak for themselves such that no response is required; however, to the extent a response is required Axiom denies those allegations.

55.     Paragraph 55 of the Third Amended Complaint contains a summary of Kansas statutory provisions, the contents of which speak for themselves such that no response is required; however, to the extent a response is required Axiom denies those allegations.

56.     Paragraph 56 of the Third Amended Complaint contains a summary of a Kansas statutory provision, the contents of which speaks for itself such that no response is required. However, to the extent a response is required Axiom denies the allegations in paragraph 56 and further denies Plaintiff's allegations regarding the contents of the report.

57.     Paragraph 57 of the Third Amended Complaint contains a summary of several Kansas and federal statutory and regulatory provisions, the contents of which speak for themselves such that no response is required; however, to the extent a response is required Axiom denies the allegations in paragraph 57.

58.     Axiom lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 of the Third Amended Complaint and therefore denies those allegations.

59.     Axiom lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 of the Third Amended Complaint and therefore denies those allegations.

60.     Paragraph 60 of the Third Amended Complaint is a summary of provisions of various Kansas administrative regulations, the contents of which speak for themselves such that no response is required. However, to the extent a response is required Axiom denies the allegations in paragraph 60.

61.     Paragraph 61 of the Third Amended Complaint is a summary of various federal statutory provisions, the contents of which speak for themselves such that no response is required.  However, to the extent a response is required Axiom denies the allegations in paragraph 61.

62.     Paragraph 62 of the Third Amended Complaint is a summary of various federal regulatory provisions, the contents of which speak for themselves such that no response is required.  However, to the extent a response is required Axiom denies the allegations in paragraph 62.

## COUNT I -- TITLE VII DISCRIMINATION CLAIMS
## AGAINST DEFENDANT AVITA

63.     Axiom incorporates its answers to paragraphs 1 through 62 of the Third Amended Complaint by reference.

64.     Responding to paragraph 64 of the Third Amended Complaint, Axiom admits that Plaintiff is black, but denies that it engaged in any racial discrimination.

65.     Axiom denies the allegations in paragraph 65 of the Third Amended Complaint.

66.     Axiom denies the allegations in paragraph 66 of the Third Amended Complaint.

67.     Axiom denies the allegations in paragraph 67 of the Third Amended Complaint.

68.     Axiom lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 of the Third Amended Complaint and therefore denies those allegations.

69.     Axiom denies the allegations in paragraph 69 of the Third Amended Complaint.

70.     Axiom denies the allegations in paragraph 70 of the Third Amended Complaint.

71.     Axiom denies the allegations in paragraph 71 of the Third Amended Complaint.

72.     Responding to paragraph 72 of the Third Amended Complaint, Axiom admits that Plaintiff is male, but denies that it engaged in gender discrimination.

73.     Axiom denies the allegations in paragraph 73 of the Third Amended Complaint.

74.     Axiom denies the allegations in paragraph 74 of the Third Amended Complaint.

75.     Axiom denies the allegations in paragraph 75 of the Third Amended Complaint.

76.     Axiom denies the allegations in paragraph 76 of the Third Amended Complaint.

77.     Axiom denies the allegations in paragraph 77 of the Third Amended Complaint.

### COUNT II -- § 1981 DISCRIMINATION CLAIMS (RACE AND NATIONAL ORIGIN) AGAINST DEFENDANTS AVITA AND AXIOM

78.      Axiom incorporates its answers to paragraphs 1 through 77 of the Third Amended Complaint by reference.

79.      Axiom admits that Plaintiff is black, but denies that he suffered any discrimination on that basis.  Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' remaining allegations in paragraph 79 of the Third Amended Complaint and therefore denies those allegations.

80.      Axiom denies the allegations in paragraph 80 of the Third Amended Complaint.

81.      Axiom denies the allegations in paragraph 81 of the Third Amended Complaint.

82.      Axiom denies the allegations in paragraph 82 of the Third Amended Complaint.

83.      Axiom denies the allegations in paragraph 83 of the Third Amended Complaint.

84.      Axiom denies the allegations in paragraph 84 of the Third Amended Complaint.

### COUNT III -- § 1983 CLAIMS (CONSTITUTIONAL VIOLATIONS) AGAINST DEFENDANTS SUNDERRAJ AND SCHIFFELBEIN

85.      Axiom incorporates its answers to paragraphs 1 through 84 of the Third Amended Complaint by reference.

86.      Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 86 of the Third Amended Complaint and therefore denies those allegations.

87.      With respect to the alleged actions of KDADS employees, Axiom lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in paragraph 87 of the Third Amended Complaint and therefore denies those allegations.  As to the portions of paragraph 87 that summarize judicial opinions or otherwise state legal conclusions,

no response is required.  However, to the extent a response is required Axiom denies those and any remaining allegations in paragraph 87.

88.     Axiom admits that KDADS' representatives reported their determination that Plaintiff had engaged in abuse of Resident to Avita and that KDADS' immediate jeopardy finding stemming from that determination caused Avita to terminate Plaintiff's employment. With respect to the other alleged actions of KDADS employees contained in paragraph 88 of the Third Amended Complaint, Axiom lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.  As to the portions of paragraph 88 that summarize judicial opinions or otherwise state legal conclusions, no response is required. However, to the extent a response is required Axiom denies those allegations.  Any remaining allegations in paragraph 84 are also denied.

89.     Axiom admits that defendants Sunderraj and Rose reported to Avita their determination that Plaintiff had engaged in abuse of Resident and that KDADS' immediate jeopardy finding stemming from that determination caused Avita to terminate Plaintiff's employment.  With respect to the other alleged actions of KDADS employees set forth in paragraph 89 of the Third Amended Complaint, Axiom lacks knowledge or information sufficient to form a belief about those allegations and therefore denies them.  As to the portions of paragraph 89 that summarize judicial opinions or otherwise state legal conclusions, no response is required.  However, to the extent a response is required Axiom denies those allegations.  Any remaining allegations in paragraph 89 are also denied.

90.     Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 90 of the Third Amended Complaint and therefore denies those allegations.

91.     Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 91 of the Third Amended Complaint and therefore denies those allegations.

92.     Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 92 of the Third Amended Complaint and therefore denies those allegations.

### COUNT IV -- § 1983 (CONSTITUTIONAL VIOLATIONS) AGAINST DEFENDANT KECK IN HIS OFFICIAL CAPACITY FOR PROSPECTIVE EQUITABLE RELIEF

93.     Axiom incorporates its answers to paragraphs 1 through 92 of the Third Amended Complaint by reference.

94.     Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 94 of the Third Amended Complaint and therefore denies those allegations.

95.     Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 95 of the Third Amended Complaint and therefore denies those allegations.

96.     Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 96 of the Third Amended Complaint and therefore denies those allegations.

97.     The allegations in paragraph 97 of the Third Amended Complaint purport to summarize various legal requirements, the contents of which speak for themselves such that no response is required.  However, to the extent a response is required, Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 97

and therefore denies those allegations.  As to any remaining allegations in paragraph 97, Axiom denies them.

98.     The allegations in paragraph 98 of the Third Amended Complaint purport to summarize various legal requirements, the contents of which speak for themselves such that no response is required.  However, to the extent a response is required, Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 98 and therefore denies those allegations.  As to any remaining allegations in paragraph 98, Axiom denies them.

99.     The allegations in paragraph 99 of the Third Amended Complaint contain legal conclusions or otherwise purport to summarize various legal authorities, the contents of which speak for themselves such that no response is required.  However, to the extent a response is required, Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 99 and therefore denies those allegations.  As to any remaining allegations in paragraph 99, Axiom denies them.

100.    Axiom lacks knowledge or information sufficient to form a belief about the truth of plaintiffs' allegations in paragraph 100 of the Third Amended Complaint and therefore denies those allegations.

**COUNT V -- TORT OF OUTRAGE CLAIMS**
**AGAINST DEFENDANTS AVITA, AXIOM, SUNDERRAJ, AND SCHIFFELBEIN**

101.    Axiom incorporates its answers to paragraphs 1 through 100 of the Third Amended Complaint by reference.

102.    Axiom denies the allegations in paragraph 102 of the Third Amended Complaint.

103.    Axiom denies the allegations in paragraph 103 of the Third Amended Complaint.

104.    Axiom denies the allegations in paragraph 104 of the Third Amended Complaint.

105.    Axiom denies the allegations in paragraph 105 of the Third Amended Complaint.

106.    Axiom denies the allegations in paragraph 106 of the Third Amended Complaint.

## COUNT VI – BIVENS CLAIMS (CONSTITUTIONAL VIOLATIONS) AGAINST DEFENDANTS ROSE, FORTNEY, BANUELOS, SUNDERRAJ, AND SCHIFFELBEIN

107.    Axiom incorporates its answers to paragraphs 1 through 106 of the Third Amended Complaint by reference.

108.    Axiom is without knowledge or information sufficient to form a belief about the truth of the factual allegations set forth in paragraph 108 of the Third Amended Complaint and therefore denies those allegations.  The remainder of paragraph 108 contains a legal conclusion to which no response is required.

109.     Axiom admits that defendants Sunderraj and Rose reported their determination that Plaintiff had engaged in abuse of Resident to Avita and that KDADS' immediate jeopardy finding stemming from that determination caused Avita to terminate Plaintiff's employment. The allegations in paragraph 109 of the Third Amended Complaint regarding Plaintiff's property and liberty interests are legal conclusions to which no response is required.  As to the remaining factual allegations in paragraph 109, Axiom is without knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies them.

110.    Axiom is without knowledge or information to form a belief about the truth of the allegations contained in paragraph 110 of the Third Amended Complaint and therefore denies them.

111.    Axiom is without knowledge or information to form a belief about the truth of the allegations contained in paragraph 111 of the Third Amended Complaint and therefore denies them.

112.    Axiom is without knowledge or information to form a belief about the truth of the allegations contained in paragraph 112 of the Third Amended Complaint and therefore denies them.   As to the WHEREFORE paragraph following paragraph 112, Axiom denies that the requested relief alleged against it or defendant Avita is appropriate or should be awarded.  As to

the relief alleged against the other defendants, Axiom is without knowledge or information to form a belief about the truth of those allegations.

**AFFIRMATIVE AND OTHER DEFENSES**

Axiom's affirmative and other defenses are set forth below.  By stating a defense, Axiom does not thereby assume the burden of proof on that defense except to the extent applicable law requires Axiom to plead and prove the defense in order to avail itself of the defense.  Axiom reserves the right to assert any additional defenses that arise during discovery or through evidence presented at trial.

1.      Plaintiff's claims, in whole or in part, fail to state a claim upon which relief may be granted.

2.      Plaintiff's damages are not of the nature or extent alleged.

3.      Plaintiff's damages are limited or barred to the extent he failed to mitigate his damages.

4.      No employment relationship existed between Plaintiff and Axiom.

5.      Axiom is entitled to a statutory award of its attorney's fees because Plaintiff's discrimination claims against it are frivolous, unreasonable, and without foundation.

Respectfully submitted,

*/s/ Forrest T. Rhodes, Jr.*
Forrest T. Rhodes, Jr., #19567
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
316-291-9555
866-347-5132 (fax)
frhodes@foulston.com

*Attorneys for Defendant*
*Axiom Healthcare Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2016, I electronically filed the foregoing **AXIOM HEALTHCARE SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Edward L. Keeley                     ekeeley@mcdonaldtinker.com
Katy E. Tompkins                     ktompkins@mcdonaldtinker.com
McDONALD, TINKER, SKAER,
QUINN & HERRINGTON, P.A.
300 West Douglas Avenue, Suite 500
Wichita, Kansas  67202

*Attorneys for Plaintiff*

Kimberly M.J. Lynch                  Kimberly.lynch@kdads.ks.gov
Jessica F. Conrow                    Jessica.conrow@kdads.ks.gov
KANSAS DEP'T FOR AGING &
DISABILITY SERVICES
503 S. Kansas Ave.
Topeka, Kansas  66603

*Attorney for Defendants*
*Sunderraj, Schiffelbein-Jackson,*
*Rose, Fortney, Banuelos, and Keck*


                                     */s/ Forrest T. Rhodes, Jr.*
                                     Forrest T. Rhodes, Jr., #19567