# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN PAUL ODHUNO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REED'S COVE HEALTH AND REHABILITATION, | )   Case No. 15-1347-EFM-GEB |
| LLC d/b/a AVITA; AXIOM HEALTHCARE | ) |
| SERVICES, LLC; AUDREY SUNDERRAJ; | ) |
| CAROL SCHIFFELBEIN; CHRISTAN ROSE; | ) |
| TERESA FORTNEY; TREVA BANUELOS; | ) |
| and TIM KECK, in his official capacity as Secretary | ) |
| of the Kansas Department for Aging and Disability | ) |
| Services, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DEFER RULING ON THE SUMMARY JUDGMENT MOTION FILED BY DEFENDANTS SUNDERRAJ, SCHIFFELBEIN, FORTNEY, BANUELOS, AND KECK**

The plaintiff, John Paul Odhuno, by and through his attorneys, Edward L. Keeley and Katy E. Tompkins of McDonald Tinker PA, submits this memorandum pursuant to Fed. R. Civ. P. 56(d) in support of his motion to defer ruling on the summary judgment motion filed by defendants Audrey Sunderraj, Carol Schiffelbein, Teresa Fortney, Treva Banuelos, and Tim Keck (in his official capacity). (See Doc. 105, 106) Their dispositive motion is entirely premature because only one of these defendants (Sunderraj) has been deposed to date. Without additional discovery, plaintiff cannot present facts at this time essential to making a response to their motion. Attached is an affidavit by plaintiff's counsel regarding the specific additional discovery which is needed. In addition, plaintiff has filed a response memorandum opposing

1

defendant Christan Rose's summary judgment motion. (See Doc. 118) That response memorandum is fully incorporated herein by reference. (Id.)

## I. ARGUMENT AND AUTHORITIES SUPPORTING MOTION TO DEFER

It is well established that "summary judgment should not be granted where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Trans-Western Petroleum, Inc. v. US Gypsum Co.*, 830 F. 3d 1171 (10th Cir. 2016) citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). When "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," a court may grant relief, including to "defer considering the motion or deny it" or to "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d).

Judge Crabtree, of this District, very recently evaluated a Motion for relief under Rule 56(d) and made the following observations:

> The Tenth Circuit does not impose a high burden on a party seeking relief under Rule 56(d). Instead, our Circuit has made it clear that, "[u]nless dilatory or lacking in merit, [a Rule 56(d) ] motion should be liberally treated." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (citations omitted). As such, the Circuit imposes just four requirements on a party trying to secure relief under Rule 56(d): a party "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [him] to obtain those facts and rebut the motion for summary judgment." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015)). As a shorthand, the court calls these four factors "the *Gutierrez* factors," though it recognizes that they predate that case.

*Crumpley v. Associated Wholesale Groceries, Inc.,* 2017 WL 1364839, p. 5 (D. Kan. 2017).

### A. **Probable Facts Not Available.**

Based on the deposition of defendant Rose, a KDADS defendant, it appears clear that at least Rose and defendant Sunderraj forced plaintiff to be fired by his employer, defendant Avita, in violation of his 14th Amendment rights to procedural due process and equal protection. The depositions of defendants Schiffelbein, Fortney, and Banuelos (additional KDADS defendants) will provide facts regarding their involvement in the finding made by Rose and Sunderraj which was conveyed to Avita indicating that plaintiff Odhuno had "abused" an Avita resident. The deposition of defendant Keck (in his official capacity) or a Rule 30(b)(6) deposition of KDADS will provide facts regarding ongoing violations of plaintiff's constitutional rights and his entitlement to injunctive relief pursuant to Ex parte Young. (See Plaintiff's Statement of Uncontroverted Facts in Doc. 118)

### B. **Those Facts Are Not Currently Available.**

The facts necessary for responding to the summary judgment motion of defendants Sunderraj, Schiffelbein, Fortney, Banuelos, and Keck are not currently available because the depositions of those defendants (except Sunderraj) have not been taken. The deposition of defendant Sunderraj has been taken, but her full involvement in the violation of plaintiff's 14th Amendment rights will not be revealed until the depositions of Schiffelbein, Fortney, Banuelos, and Keck (or a Rule 30(b)(6) deposition of KDADS) are taken.

### C. **Steps Taken To Obtain the Facts Needed.**

Plaintiff Odhuno had scheduled the depositions of two of the defendants (Rose and Sunderraj) in June 2017 after a protracted battle with KDADS to obtain its records of the investigation at issue in this case. (See Doc. 118 at 2-7) Plaintiff had also scheduled the depositions of a key witness from defendant Avita and a key witness of defendant Axiom.

(Id.)  Plaintiff was planning to take the depositions of the remaining KDADS defendants, as well as other relevant witnesses, when the KDADS defendants filed their premature summary judgment motion on June 6, 2017, as well as a motion to stay discovery.  Id.  Plaintiff contested the KDADS defendants' motion to stay discovery, and Magistrate Judge Birzer overruled that motion in part to allow the already scheduled depositions.  Id.

### D. Additional Time Will Enable The Necessary Discovery.

Magistrate Judge Birzer has recently revised the scheduling order so that the discovery cutoff date is now in December 2017.  Plaintiff will be able to take the necessary depositions in that time frame to properly respond to the premature summary judgment motion of these defendants.

## II. CONCLUSION

For all of the reasons discussed herein and pursuant to Rule 56(d), the Court should defer ruling on the summary judgment motion filed by defendants Sunderraj, Schiffelbein, Fortney, Banuelos, and Keck.

Respectfully submitted,

s/ Edward L. Keeley
Edward L. Keeley (#09771)
ekeeley@mcdonaldtinker.com
Katy E. Tompkins (#25581)
ktompkins@mcdonaldtinker.com
McDONALD TINKER PA
300 West Douglas Avenue, Suite 500
Wichita, Kansas  67202
Phone:   (316) 263-5851
Fax:       (316) 263-4677
   *Attorneys for Plaintiff*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July, 2017, the foregoing was filed with the Clerk of the Court by using the CM/ECF System which will send a notice of electronic filing to the following:

Forrest T. Rhodes, Jr.
FOULSTON SIEFKIN LLP
1551 N Waterfront Pkwy, #100
Wichita, KS  67206
*Attorneys for Defendants*
 *Reeds Cove & Axiom*

Kimberly M.J. Lynch
Jessica F. Conrow
KANSAS DEPARTMENT FOR AGING
   AND DISABILITY SERVICES
503 S. Kansas Ave.
Topeka, KS  66603
*Attorneys for Defendants Keck, Sunderraj,*
 *Schiffelbein, Rose, Fortney and Banuelos*

Thomas E. Beall
T.G. Luedke
United States Attorney's Office
District of Kansas
Federal Building, Suite 290
444 SE Quincy Street
Topeka, KS 66683
*Attorneys for Defendants Sunderraj,*
 *Schiffelbein, Rose, Fortney and Banuelos*

s/ Edward L. Keeley
Edward L. Keeley
