IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN PAUL ODHUNO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REED'S COVE HEALTH AND REHABILITATION, LLC d/b/a AVITA; AXIOM HEALTHCARE SERVICES, LLC; AUDREY SUNDERRAJ; CAROL SCHIFFELBEIN; CHRISTAN ROSE; TERESA FORTNEY; TREVA BANUELOS; and TIM KECK, in his official capacity as Secretary of the Kansas Department for Aging and Disability Services, | ) Case No. 15-1347-EFM-GEB |
| Defendants. | ) |

**KDADS DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DEFER RULING ON THE SUMMARY JUDGMENT MOTION FILED BY DEFENDANTS SUNDERRAJ, JACKSON, FORTNEY, BANUELOS, AND KECK, AND MEMORANDUM IN SUPPORT**

Defendants Audrey Sunderraj, Carol (Schiffelbein) Jackson, Timothy Keck, Christan Rose, Teresa Fortney, and Treva Banuelos (KDADS Defendants), through their counsel Kimberly M.J. Lynch and Jessica F. Conrow, submit this response in opposition to Plaintiff's motion and memorandum seeking the Court defer ruling on Defendants Sunderraj, Jackson, Fortney, Banuelos, and Keck's motion for summary judgment. KDADS Defendants respectfully request the Court deny Plaintiff's 56(d) Motion and Memorandum. In support, KDADS Defendants State:

Plaintiff alleges he is unable to respond to Defendants Sunderraj, Jackson, Fortney, Banuelos, and Keck's motion for summary judgment based on qualified immunity. (Doc. 120, at p. 1-2). In support, he alleges there are "probable facts" not available" to him. (Doc. 120, at p. 3). However, at this point, Plaintiff is looking for a needle in a haystack. KDADS Defendants' Motion

for Summary Judgment and Memorandum in Support (referred to as "KDADS Defendants' Motion" and "KDADS Defendants' and Memorandum") are not "entirely premature" as Plaintiff maintains. (Doc. 120, at p. 1). A Reply in support of KDADS Defendants' Motion for Summary Judgment has been filed with the Court. (Doc. 124). The Reply, along with KDADS Defendants Memorandum, and KDADS Defendants' Motion to Stay Discovery is incorporated herein. (Doc. 124; Doc. 106; Doc. 107).

## I. Argument and Authorities

The Court has discretion to determine whether to allow additional discovery following the filing of a Rule 56(f) affidavit. *Patty Precision v. Brown & Sharpe Mfg. Co.,* 742 F.2d 1260, 1264 (10th Cir.1984). Generally, the Rule 56(f) affidavit "should be treated liberally unless dilatory or lacking in merit." *Id.* However:

> Rule 56(f) discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits 'against government officials [should] be resolved *prior to discovery and on summary judgment* if possible.' *Anderson v. Creighton,* 483 U.S. 635, 640 n. 2 [107 S.Ct. 3034, 3039 n. 2, 97 L.Ed.2d 523] (1987) (emphasis added); .... Liberal application of rule 56(f) should not be allowed to subvert the goals of *Harlow* and its progeny.

*Jones v. City and County of Denver, Colo.,* 854 F.2d 1206, 1211 (10th Cir.1988). Therefore, Plaintiff must demonstrate exactly how discovery will enable him to rebut KDADS Defendants' motion. *Id.* "[I]t is insufficient for the party opposing the motion to merely assert that additional discovery is required to demonstrate a factual dispute…" *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990) (quoting *Jones v. City and County of Denver, Colo.,* 854 F.2d 1206, 1211). "Rule 56(f) is not a license for a fishing expedition, especially when summary judgment is urged based on a claim of qualified immunity." *Id.* at 759.

Here, Plaintiff has clearly not demonstrated exactly how discovery will enable him to rebut Defendants Sunderraj, Jackson, Fortney, Banuelos, and Keck's motion. First, Plaintiff's

memorandum does not demonstrate exactly how discovery will enable him to respond to Defendant Sunderraj's Motion. Plaintiff alleges that there are "probable" facts not available, even though he alleges that it "appears clear that at least Rose and defendant Sunderraj forced plaintiff to be fired by his employer…" (Doc. 102, at p. 3). He further states, that even though Defendant Sunderraj's deposition has been taken, "… her full involvement in the violation of plaintiff's 14th Amendment Rights will not be revealed until the depositions of Schiffelbein [Jackson], Fortney, Banuelos, and Keck … are taken." (Doc. 102, at p. 3). However, the alleged facts he believes he will obtain through the depositions of Defendants Jackson, Fortney, and Banuelos have no bearing on whether Sunderraj is entitled to qualified immunity. Plaintiff was provided with an opportunity to fully depose Defendant Sunderraj, Defendant Rose, Vanessa Underwood, Avita's executive director, and Kim Summers, who was present at Avita when KDADS Defendants arrived at the facility on July 31, 2017. (Exhibit A: Underwood Depo. 16:5-9; Exhibit B: Summers 30:5-23).[1]

Defendant Sunderraj has already demonstrated she reasonably believed her conduct complied with the law and is entitled to qualified immunity. (*See* Doc. 120, at p. 3). This is clear throughout the two depositions, KDADS Defendants' Motion and Memorandum, and KDADS Defendants' Reply to the Motion and Memorandum. (Doc. 106, at p. 3-8, 27-28; Doc. 124, at p. 27-27).

Second, Plaintiff does not demonstrate exactly how a deposition of Defendant Keck would enable him to respond to Defendant Keck's Motion. Rather, he briefly states that Defendant Keck's deposition "will provide facts regarding ongoing violations of plaintiff's constitutional rights and his entitlement to injunctive relief pursuant to Ex parte Young." (Doc. 120, at p. 3). However, as clearly outlined in KDADS Defendants' Motion and Memorandum, Defendant Keck

---

[1] KDADS Defendants have requested all exhibits be filed under seal. (Doc. 123).

is entitled to Eleventh Amendment Immunity for which an exception under *Ex parte Young*, 209 U.S. 123 (1908), does not apply. (Doc. 106, at pp. 20-23).

Last, Plaintiff does not demonstrate exactly how a deposition of Defendants Jackson, Fortney, and Banuelos would enable him to respond to their Motion. Rather, here merely states that he needs to depose them to determine "their involvement in the finding made by Rose and Sunderraj". (*See* Doc. 120, at p. 3). However, Defendants Jackson, Fortney, and Banuelos have already demonstrated they reasonably believed their conduct complied with the law and are entitled to qualified immunity. (*See* Doc. 120, at p. 3).

Plaintiff is in receipt of well over 10,000 documents, including emails, notes, and medical records. Plaintiff has deposed Defendant Rose and Defendant Sunderraj. No further discovery will provide Plaintiff with further information necessary to rebut the qualified immunity defense raised by KDADS Defendants. Plaintiff has more than enough information to fully respond to all KDADS Defendants' Motions.

## II.   Conclusion

Because KDADS Defendants' Motion is based on qualified immunity, Rule 56(f) discretion is limited. Plaintiff has failed to demonstrate exactly how depositions of Defendants Jackson, Fortney, Banuelos, and Keck would enable him to respond to respond to Defendants Sunderraj, Jackson, Fortney, Banuelos, and Keck's motion for summary judgment. For these reasons, KDADS Defendants respectfully request the Court deny Plaintiff's 56(d) Motion and Memorandum.

          Respectfully submitted:

          */s/ Kimberly M.J. Lynch*

By:   Kimberly M. J. Lynch, #24225
      Jessica F. Conrow, #27073
      Kansas Department for Aging and
        Disability Services
      503 S. Kansas Ave, Topeka, KS 66603
      Phone: (785) 296-0237 | Fax: (785) 296-0767
      Email: kimberly.lynch@ks.gov
      Email: jessica.conrow@ks.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 25th day of August, 2017, the above and foregoing ***KDADS Defendants' Response to Plaintiff's Motion to Defer Ruling on the Summary Judgment Motion Filed by Defendants Sunderraj, Jackson, Fortney, Banuelos, and Keck, and Memorandum in Support*** was electronically filed with the Clerk of the US District Court by using the electronic filing system which will send a notice of electronic filing to the following:

Edward L. Keeley          ekeeley@mcdonaldtinker.com
Katy E. Tompkins          ktompkins@mcdonaldtinker.com
MCDONALD, TINKER, SKAER,
QUINN & HERRINGTON, P.A.
300 West Douglas Avenue, Suite 500
Wichita, Kansas 67202
*Attorneys for Plaintiff*

Forrest T. Rhodes, Jr.          frhodes@foulston.com
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS  67206-4466
*Attorney for Defendants*
*Reeds Cove and Axiom*

          */s/ Kimberly M.J. Lynch*
          Kimberly M.J. Lynch