# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN PAUL ODHUNO,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 15-1347-EFM-GEB** |
| ) | |
| **REED'S COVE HEALTH AND** ) | |
| **REHABILITATION, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the State Defendants' Motion to Stay Discovery on the Basis of Qualified Immunity (**ECF No. 137**). On December 14, 2017, the Court held an in-person hearing to discuss the pending motion. Plaintiff John Paul Odhuno appeared through counsel, Edward Keeley and Katy Tompkins. Defendants Reed's Cove Health and Rehabilitation, LLC, and Axiom Healthcare Services, LLC appeared through counsel, Forrest Rhodes, Jr. The remaining defendants appeared through counsel, Kimberly Lynch and Jessica Conrow. After consideration of both the arguments of counsel and the parties' briefing, the Court **GRANTED** in part and **DENIED** in part the State defendants' motion at hearing. The previously-announced ruling of the Court is now memorialized below.

## I.    Factual Background[1]

This case arises from allegations of sexual abuse by an elderly resident at an adult care home, ultimately culminating in the termination of Plaintiff's employment.  Plaintiff, a Kansas-licensed Certified Nurse Aide (CNA) since 2002, worked as a CNA for adult care homes for several years before defendant Reed's Cove Health and Rehabilitation, LLC d/b/a Avita ("Avita")[2] hired him as a CNA January 2014.  Plaintiff contends defendant Axiom Healthcare Services, LLC ("Axiom") managed the Avita adult care home during the relevant time period, and the home was State-licensed by the Kansas Department for Aging and Disability Services ("KDADS").

In July 2014, an elderly female resident of the Avita adult care home alleged a male employee had sexually abused her.  According to Plaintiff, the resident previously requested only female nurses, but Avita repeatedly assigned him to provide care for the resident, which he argues set him up for future allegations.  After investigating the abuse claims, Avita determined the complaints unsubstantiated.

However, the State disagreed.  Employees of KDADS—defendants Christan Rose, Teresa Fortney, and Treva Banuelos—visited Avita on July 31, 2014, to investigate the resident's allegation of abuse.  Other employees of KDADS—defendants Audrey Sunderraj and Carol Schiffelbein—supervised Rose, Fortney, and Banuelos in their

---

[1] Unless specifically indicated, the information recited in this section is taken from the pleadings (Pl.'s 2d Am. Compl., ECF No. 40); and from the briefs regarding the pending motion (ECF Nos. 137, 138, 140).  This background information should not be construed as judicial findings or factual determinations.

[2] All parties refer to defendant Reed's Cove as "Avita."  For the sake of consistency, the Court will do the same.

investigation.  After the KDADS investigation, Avita suspended Plaintiff's employment, and later terminated him.  Plaintiff contends his ability to work as a CNA in the future, and his ability to seek a Registered Nursing degree, has been foreclosed by the State's inadequate or inaccurate investigation and his termination.

Plaintiff brings a number of claims against both his former employers and the State defendants.  He claims defendant Avita discriminated against him due to his race, Kenyan national origin and gender by suspending and terminating him, without treating American-born Caucasian female CNAs similarly, all in violation of Title VII.  He also alleges both defendants Avita and Axiom discriminated against him in violation of 42 U.S.C. § 1981 due to his race and Kenyan national origin when they failed to reassign him at the resident's request, or inform him, or permit him to respond to, the resident's allegations, and when they suspended and terminated his employment.  He also alleges the KDADS agency and individual State defendants deprived him of his constitutional rights to due process and equal protection by undergoing a sham investigation and falsely naming him as an abuser, without providing him an opportunity to respond.  He contends the State defendants' investigation was motivated by his race, national origin, and gender, all in violation of 42 U.S.C. § 1983.  Plaintiff also seeks emotional distress damages.

Avita contends it recognized the resident's complaint was unsubstantiated; however, in light of KDADS's own investigation and findings, it was essentially forced to terminate Plaintiff's employment.  It argues its decision to fire Plaintiff was not a result of his national origin, race, or gender, but was an effort to "avoid the catastrophic

consequences" resulting from KDADS's findings.  The KDADS defendants deny, and recently asserted immunity defenses to, all claims.

## II.    Procedural Posture

Plaintiff initially filed his case more than two years ago, on November 3, 2015. Discovery progressed without Court intervention both before and after Plaintiff's unopposed filing of an Amended Complaint (ECF No. 40) in July 2016.  However, in June 2017, the KDADS defendants introduced their immunity defenses for the first time, and filed a Motion for Summary Judgment to seek their dismissals based upon Eleventh Amendment sovereign immunity and qualified immunity (ECF No. 105).  The KDADS defendants asked the Court to stay all discovery due to this filing (*see* Motion, ECF No. 107), but the motion was denied in light of the posture of the case at that time (Order, ECF No. 108, June 7, 2017).  The immunity arguments were advanced on the eve of previously-scheduled depositions, and considerable time, effort and expense had already been incurred by the parties in preparing for the discovery.  In addition, the Court encouraged meaningful mediation with all parties rather than a stay at that juncture.

Following that order, the discovery occurred, and on June 28, 2017, the Court entered a Revised Scheduling Order, which directed as follows:

> All discovery in this case must be commenced or served in time to be completed by December 29, 2017.  In order to reasonably manage litigation costs prior to mediation [scheduled for August 29, 2017], the Parties agree, and the court hereby orders that, *except for efforts to obtain documents that were identified during the depositions, no new discovery will occur* prior to mediation.

(ECF No. 112, emphasis added.)   After mediation proved unsuccessful (ADR Report, ECF No. 133), on November 22, 2017, the KDADS defendants again asked the Court to stay discovery pending the Court's decision on their dispositive motion based on sovereign and qualified immunity (Motion, ECF No. 137).  This motion is the subject of the current dispute.

### III.    Motion to Stay Discovery (ECF No. 137)

To support their request to stay discovery, the KDADS defendants argue multiple depositions were completed after the Court's earlier denial of a stay, and the case is now in a different procedural posture.  The KDADS defendants seek to stay all discovery pending the outcome of their summary judgment motion.

Defendants Avita and Axiom do not object to the requested stay, but Plaintiff objects to parts of the motion.  He agrees that no additional depositions should be conducted, and no additional written discovery should be issued.  However, Plaintiff contends three types of discovery should continue: 1) his previous request for production of documents issued to defendant Avita; 2) his Second[3] and Third[4] Requests for Production previously issued to the KDADS defendants; and 3) multiple Fed. R. Civ. P. 45 business records subpoenas he plan to serve on nonparties.

After review of the briefing and discussion during the December 14 hearing, it became apparent that discovery specifically directed to defendants Avita and Axiom may

---

[3]  Plaintiff's Second Request for Production of Documents to KDADS Defendants, ECF No. 140-2, Ex. 2.
[4]  Plaintiff's Third Request for Production of Documents to KDADS Defendants, ECF No. 140-3, Ex. 3.

continue unopposed.  Likewise, no party objects to the issuance of non-party subpoenas. The crux of the dispute between Plaintiff and the KDADS defendants lies with the Second and Third Requests for Production ("RFP") to which Plaintiff seeks responses.

Before addressing the parties' dispute in additional detail, a review of the applicable rules and legal standards is prudent.

### A.    Compliance with D. Kan. Rule 37.2

Both D. Kan. Rule 37.2 and Fed. R. Civ. P. 37(a)(1) require the parties to make a reasonable effort to confer prior to filing any motion regarding discovery.  Neither parties' briefing outlines their attempts to do so.  During the in-person hearing, the Court was unsatisfied with the parties' prior minimal efforts to resolve their differences on the progress of discovery.  The Court recessed the hearing and instructed the parties to meaningfully confer.  As a result of the in-court conference, the Court is now satisfied the parties have sufficiently conferred as required.

### B.    Legal Standard

A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.[5]  The Court may exercise that power in the interest of economy of time and effort for itself and for counsel and parties appearing

---

[5] *See Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016); *Universal Premium Acceptance Corp. v. Oxford Bank & Trust,* No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963)).

before it.[6]  When discharging its discretion, the Court "must weigh competing interests and maintain an even balance."[7]  The Tenth Circuit has cautioned, "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[8]

Recognizing this overarching right to proceed, the general policy of the District of Kansas is to continue with discovery during the pendency of dispositive motions.[9] However, there are recognized exceptions to this rule.  One such "well-established exception" applies where a defendant seeks dismissal based on absolute or qualified immunity.[10]  Even when immunity is not at issue, the court considers whether any of the following three exceptions apply to make a stay of discovery appropriate:

1) where the case is likely to be finally concluded as a result of the ruling on the pending dispositive motion;
2) where the facts sought through uncompleted discovery would not affect the resolution of the motion; or
3) where discovery on all issues of the broad complaint would be wasteful and burdensome.[11]

The party seeking stay "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[12]

---

[6] *Universal Premium Acceptance Corp.*, 2002 WL 31898217, at *1 (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 255 (1936)).

[7] *Pipeline Prods., Inc. v. Horsepower Entm't*, No. 15-4890-KHV-KGS, 2016 WL 1448483, at *1 (D. Kan. Apr. 13, 2016) (citing *Landis*, 299 U.S. at 255).

[8] *Kendall State Bank v. Fleming*, No. 12-2134-JWL-DJW, 2012 WL 3143866, at *2 (D. Kan. Aug. 1, 2012) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)).

[9] *Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994)).

[10] *Id.*; *see also Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1 (D. Kan. July 13, 2016) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990).

[11] *Accountable Health Sols.*, 2016 WL 4761839, at *1; *Randle v. Hopson*, No. 12-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013).

## C.    Discussion

Plaintiff argues the discovery he seeks is limited and arises in large part out of information discovered during depositions, as previously permitted in the Revised Scheduling Order.  Additionally, Plaintiff contends the age of the case supports continued discovery, and, regardless of the outcome of the KDADS defendants' dispositive motion, the case will continue against the remaining defendants (*see* Pl.'s Resp., ECF No. 140).

The KDADS defendants contend their motion for summary judgment is likely to completely resolve the claims against them.  The immunity issues are fully briefed; additional discovery would not affect the decision on summary judgment; and a stay would protect them from wasteful and burdensome discovery (*see* KDADS' Mem., ECF No. 138).  At the December 14 hearing, when addressing the individual requests contained in Plaintiff's Second and Third RFPs, the KDADS defendants conceded although they do not oppose production to a few specific requests, they do object to a majority of others.

After discussing the individual requests contained in Plaintiff's Second and Third RFPs with counsel during the hearing, and considering the arguments of counsel on each, the Court took a brief recess to permit the parties to further confer regarding the individual requests.  Upon returning to the hearing, the parties announced they reached agreements on individual RFPs, and the Court announced the following orders:

Finding that this case will certainly continue against defendants Reed's Cove

---

[12] *Landis*, 299 U.S. at 255; *see Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015)).

Health and Rehabilitation d/b/a Avita and Axiom, the Court **DENIES** the motion to stay **in part** and orders that Avita and Axiom must respond to any currently-outstanding discovery requests. Additionally, on the same basis, the Court **DENIES** the motion to stay **in part** to permit Plaintiff to serve his third-party subpoenas to non-parties. However, due to the ripeness of the KDADS defendants' dispositive motion, and in an effort to protect those defendants from unnecessary expense, the Court **GRANTS** the motion to stay **in part** and orders no further depositions will be conducted pending the outcome of the summary judgment motion.

With regard to Plaintiff's Second and Third Requests for Production issued to the KDADS defendants, the Court enters the following orders, consistent with the parties' agreements reached during the December 14, 2017 hearing:

1.    <u>**Plaintiff's Second Request for Production of Documents to KDADS Defendants (ECF No. 140-2)**</u>

      RFP No. 1:    Defendants agree to produce responsive documents.

      RFP No. 2:    Defendants agree to respond either to clarify that the documents were previously produced, and identify as such, or that responsive documents do not exist.

      RFP No. 3:    Defendants agree to respond either to clarify that the documents were previously produced, and identify as such, or that responsive documents do not exist.

      RFP No. 4:    Defendants agree to respond either to clarify that the documents were previously produced, and identify as such, or that responsive documents do not exist.

      RFP No. 5:    Defendants agree to respond either to clarify that the documents were previously produced, and identify as such, or that responsive documents do not exist.

RFP No. 6:    Defendants agree to respond either to clarify that the documents were previously produced, and identify as such, or produce any responsive document(s) not previously produced.

RFP No. 7:    Defendants agree to respond either to clarify that the documents were previously produced, and identify as such, or produce any responsive document(s) not previously produced.

RFP No. 8:    The parties agreed responsive documents have been provided, and Plaintiff agrees to withdraw this request.

RFP No. 9:    Defendants agree to respond either to clarify that the documents were previously produced, and identify as such, or produce any responsive document(s) not previously produced.

RFP No. 10:    The parties agree to limit this request to those State policies and procedures as they relate to surveys of adult care homes. Defendants agree to respond to this limited request.

RFP No. 11:    Defendants agree to produce responsive documents.

RFP No. 12:    Defendants agree to respond either to clarify that the documents were previously produced, and identify as such, or produce any responsive document(s) not previously produced.

RFP No. 13:    Defendants have previously produced these documents, but agree to attempt to provide Plaintiff with more legible copies, or in the event they are unable to locate legible copies, agree to permit Plaintiff to view the documents in a legible, native format as maintained by Defendants.

RFP No. 14:    Plaintiff agrees to limit his request to July 31, 2014. Defendants agree to determine whether defendant Sunderraj was present at work on July 31, 2014, and if not, whether Sunderraj responded to work-related telephone or email correspondence on that date. If documents reflecting her attendance and/or leave records do not exist, Defendants will clarify and respond accordingly.

RFP No. 15:    The parties agreed the investigation file referenced in this request is subject to a Freedom of Information Act ("FOIA") request. Plaintiff agrees to postpone pursuit of information responsive to this request.

2.    **Plaintiff's Third Request for Production of Documents to KDADS Defendants (ECF No. 140-3)**

RFP No. 1:    The parties agree responsive information is available through a FOIA request. However, Defendants agree to provide the publicly-available Statement of Deficiencies (Centers for Medicare & Medicaid Services ("CMS") form 2567) responsive to subpart (b) of this Request.

RFP No. 2:    Defendants agree to produce any public CMS form 2567 responsive to this request.

RFP No. 3:    The parties agree responsive information is available through a FOIA request. However, Defendants agree to provide the publicly-available Statement of Deficiencies (CMS form 2567) responsive to subpart (b) of this Request.

RFP No. 4:    Plaintiff agrees to postpone pursuit of a response to this request.

RFP No. 5:    Defendants agree to respond either to clarify that the documents were previously produced, and identify as such, or produce any responsive document(s) not previously produced.

RFP Nos. 6 and 7:    The parties agreed to limit the time frame of these requests to training information from the years 2010 through 2014. However, because the claim related to this request would evaporate if the pending summary judgment motion is granted, the Court orders that Plaintiff either seek this information now through a FOIA request or business records subpoena to CMS, or, in the event Defendants' summary judgment motion is unsuccessful, Plaintiff may reassert this request at a later time.

RFP No. 8 and 9:    The parties agree that Plaintiff will seek information responsive to these requests from defendant Avita.

In light of the above agreements, and in consideration of the parties' arguments,

**IT IS THEREFORE ORDERED** that the KDADS Defendants' Motion to Stay (**ECF No. 137**) is **GRANTED IN PART and DENIED IN PART** as set forth in full above. The scheduling order currently governing this case is **stayed**. The motion to stay is

**DENIED** with regard to outstanding discovery to Avita and with regard to any Rule 45 subpoenas to third parties.  The motion is **GRANTED** in that no additional depositions will be permitted until after the KDADS defendants' summary judgment  motion is resolved.  Following decision on the pending dispositive motion, the Court will set a telephone conference to address future scheduling.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of December 2017.

s/  Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge