# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN PAUL ODHUNO,

*Plaintiff,*

vs.

Case No. 15-1347-EFM-GEB

REED'S COVE HEALTH AND
REHABILITATION, LLC d/b/a AVITA;
AXIOM HEALTHCARE SERVICES, LLC;
AUDREY SUNDERRAJ; CAROL
SCHIFFELBEIN; CHRISTAN ROSE;
TERESA FORTNEY; TREVA BANUELOS;
and TIM KECK, in his official capacity as
Secretary of the Kansas Department for Aging
and Disability Services,

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Paul Odhuno filed this lawsuit after he was terminated from employment as a

certified nurse aide (CNA) in an adult care home.  Plaintiff asserts claims against the care home

owner, Reed's Cove Healthcare Services, LLC d/b/a Avita ("Avita"), the care home manager,

Axiom Healthcare Services, LLC ("Axiom"), Tim Keck, in his official capacity as Secretary of

the Kansas Department for Aging and Disability Services ("KDADS"), and the following KDADS

employees: Audrey Sunderraj, Carol Shiffelbein, Christan Rose, Teresa Fortney, and Treva

Banuelos.[1]   The KDADS Defendants have filed a motion for summary judgment based on standing, qualified immunity, and Eleventh Amendment immunity.  Plaintiff filed a response to Defendant Rose's motion.  He also filed a motion to defer ruling on the remaining KDADS Defendants' summary judgment motion under Federal Rule of Civil Procedure 56(d) (Doc. 119), which is currently pending before the Court.  For the reasons identified below, the Court denies Plaintiff's motion.

## I.        Factual and Procedural Background[2]

Plaintiff began working as a CNA for Avita in January 2014.  In July 2014, an elderly female resident alleged that a male employee sexually abused her.  Plaintiff contends that the resident previously requested only female nurses but Avita repeatedly assigned Plaintiff to care for her.   Avita investigated the abuse allegations but determined that the complaints were unsubstantiated.

The State disagreed, and on July 31, 2014, KDADS Defendants Rose, Fortney, and Banuelos visited Avita to investigate the abuse allegations.  KDADS Defendants Sunderraj and Shiffelbein supervised Rose, Fortney, and Banuelos in the investigation. The KDADS investigators determined that Avita failed to immediately report a resident's allegation of abuse, failed to thoroughly investigate the allegation, failed to submit the results of the investigation to KDADS, and failed to protect all residents from potential abuse during the investigation.  The

---

[1]  Defendant Keck and the other KDADS employees who are named in this lawsuit will be referred to as the "KDADS Defendants."

[2]  The information recited in this section is taken from the pleadings and the parties' summary judgment briefing.  This background information should not be construed as judicial findings or factual determinations.

KDADS investigators further determined that Avita's noncompliance posed an immediate jeopardy to the health and safety of its residents.

During the KDADS investigation, Avita suspended and later terminated Plaintiff's employment.  Plaintiff filed this lawsuit on November 3, 2015, against Avita, Axiom, and the KDADS Defendants asserting multiple claims.   Plaintiff filed an Amended Complaint in September 2016, in which he alleges that Avita discriminated against him due to his race, Kenyan national origin, and gender in violation of Title VII.  He also alleges that Avita and Axiom discriminated against him in violation of 42 U.S.C. § 1981 when they did not reassign him away from the resident after he allegation, when they did not inform him of or permit him to respond to the resident's allegation, and when they suspended and terminated his employment because of his race and Kenyan national origin.  Plaintiff alleges that the KDADS Defendants deprived him of his constitutional rights to due process and equal protection by undergoing a sham investigation and falsely naming him as an abuser without giving him an opportunity to respond in violation of 42 U.S.C. § 1983.  Finally, Plaintiff also brings a state law claim for the tort of outrage against all Defendants except Defendant Keck.

On June 6, 2017, the KDADS Defendants filed a motion for summary judgment asserting the defenses of standing, qualified immunity, and Eleventh Amendment immunity and a motion to stay discovery.  Because the motions were filed on the eve of the previously scheduled depositions of Defendants Rose and Sunderraj, as well as the depositions of an Avita representative and an Axiom representative, the Court denied the motion to stay discovery.  On July 28, the Court entered a revised scheduling order stating that no new discovery could occur until the parties underwent mediation.  That same day, Plaintiff filed a motion to defer ruling on the KDADS Defendants' summary judgment motion, arguing that the dispositive motion was premature

because only two of the Defendants (Sunderraj and Rose) had been deposed as of that date and because not all relevant documents had been produced by KDADS.  Plaintiff also filed a response to Defendant Rose's summary judgment motion.  On September 11, the parties unsuccessfully mediated the case.  More than two months later, on November 22, the KDADS Defendants again moved to stay discovery pending the Court's decision on Plaintiff's Rule 56(d) motion and their dispositive motion.  The Court granted the motion as to the taking of any depositions.  The Court denied the motion as to the discovery issued to Avita and Axiom and any third-party subpoenas.  And, pursuant to the parties' agreement, the Court entered an order requiring the KDADS Defendants to respond to certain requests for production of documents issued by Plaintiff.

## II.    Legal Standard

Rule 56(d) allows a party to request deferral on a summary judgment decision pending additional discovery.[3]  Under this rule, if the non-moving party demonstrates by affidavit, that it cannot present facts essential to justify its opposition, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[4]

The Tenth Circuit imposes four requirements on a party seeking relief under Rule 56(d).  The party "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional

---

[3] Fed. R. Civ. P. 56(d).

[4] *Id.*

time will enable [the party] to obtain those facts and rebut the motion for summary judgment."[5] This is not a high burden, and affidavits submitted under the rule "are entitled to liberal treatment unless they are dilatory or meritless."[6]  However, when a summary judgment motion is based on qualified immunity, the party's affidavit must also "demonstrate a connection between the information he would seek in discovery and the validity of the [defendant's] qualified immunity assertion."[7]  The decision to grant an opposing party's request under Rule 56(d) is within the Court's discretion.[8]

## III.    Analysis

Plaintiff's primary argument as to why the Court should defer ruling on the KDADS Defendants' summary judgment motion is that the motion is premature because only two of the KDADS Defendants have been deposed.  Plaintiff claims that without additional discovery, he cannot present facts essential to responding to the summary judgment motion.  Plaintiff has attached an affidavit from counsel regarding the specific additional discovery that he claims he needs.

Standing alone, Plaintiff's counsel's affidavit is wholly inadequate.  The affidavit consists of five short paragraphs.  Only one of those paragraphs substantively addresses Plaintiff's motion,

---

[5] *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015)) (alternation in original).  The Court will refer to these four factors as "the *Gutierrez* factors."

[6] *Jones v. City & Cty. of Denver, Colo.*, 854 F.2d 1206, 1210 (10th Cir. 1988) (citing *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264 (10th Cir. 1984)).

[7] *Gutierrez*, 841 F.3d at 908 (quoting *Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir. 1990)) (alteration in original).

[8] *Harlan v. United Fire & Cas. Co.*, 2015 WL 4617399, at *2 (D. Kan. 2015).

stating: "Based on the four depositions which plaintiff has taken thus far, plaintiff needs the opportunity to take the depositions of defendants Schiffelbein, Fortney, Banuelos, and Keck in order to properly respond to their summary judgment motion, as well as the summary judgment motion of defendant Sunderraj." This conclusory statement is not sufficient to satisfy Plaintiff's burden under Rule 56(d).

Plaintiff's memorandum in support of his Rule 56(d) motion contains more extensive argument as to why the Court should grant his Rule 56(d) motion. But, even taking this discussion into consideration, deferral under Rule 56(d) is not warranted in this case. Rule 56(d) "is designed to safeguard against a premature or improvident grant of summary judgment."[9] While Plaintiff claims that he "cannot present facts at this time essential to making a response to their motion," the Court disagrees. Plaintiff's response in opposition to Defendant Rose's motion for summary judgment demonstrates that he has the necessary discovery to adequately respond in opposition to the remaining KDADS Defendants' motion. The facts presented in that response are more than adequate to address the standing and immunity arguments in the remaining KDADS Defendants' motion. Thus, this is not a case in which additional discovery would prevent a premature grant or denial of summary judgment.

Plaintiff's memorandum also does not satisfy the four *Gutierrez* factors. Plaintiff only vaguely identifies the probable facts available if he deposes the remaining KDADS Defendants. As to Defendants Shiffelbein, Fortney, and Banuelos, he simply states that their depositions "will provide facts regarding their involvement in the finding made by Rose and Sunderraj which was

---

[9] *Crumpley v. Associated Wholesale Grocers, Inc.*, 2017 WL 1364839, at *8 (D. Kan. 2017) (citing *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986)).

conveyed to Avita indicating that Plaintiff Odhuno had 'abused' an Avita resident." This statement does not explain *how* specific information is *essential* to opposing the KDADS Defendants' qualified immunity defense.[10]   Plaintiff also does not explain how the deposition of Defendant Keck would enable him to respond to Defendant Keck's motion.   Plaintiff briefly states that Defendant Keck's deposition "will provide facts regarding ongoing violations of plaintiff's constitutional rights and his entitlement to injunctive relief pursuant to *Ex Parte Young*." Defendant Keck, however, asserts in his motion that he is entitled to Eleventh Amendment immunity, and his argument largely presents a legal question as to whether the relief Plaintiff seeks is allowed under the *Ex Parte Young* doctrine or another exception to Eleventh Amendment immunity.

Finally, Plaintiff claims that additional time will enable the necessary discovery.  Plaintiff argues that because Judge Birzer extended the discovery cut-off date to December 29, 2017, he would have been able to depose the remaining KDADS Defendants before that date.  The Court recognizes that Plaintiff only had about two months to serve discovery on the KDADS Defendants after the parties mediated the case and before the KDADS Defendants filed their second motion to stay discovery on November 22.  But, based on the record before the Court, Plaintiff did not seek to depose any of the KDADS Defendants during that period.  Instead, he only issued additional requests for production of documents to them.

This case has been litigated for over two years.  The parties have engaged in substantial discovery, and Plaintiff has deposed four witnesses, including two of the KDADS Defendants.

---

[10] *See Gutierrez*, 841 F.3d at 909 (denying the plaintiffs' Rule 56(d) motion because the plaintiffs did not "explain *how* specific information was *essential* to their summary judgment opposition.").

Moreover, Plaintiff has used this discovery to oppose Defendant Rose's motion for summary judgment.  The Court does not see why Plaintiff cannot use this evidence for the remaining KDADS Defendants' motion.  Accordingly, Plaintiff's Rule 56(d) motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Defer Ruling on the Summary Judgment Motion filed by Defendants Sunderraj, Shiffelbien, Fortney, Banuelos, and Keck (Doc. 119) is **DENIED**.  Plaintiff must respond to the KDADS Defendants' summary judgment motion within 21 days of the date of this Order.[11]

**IT IS SO ORDERED**.

Dated this 30th day of March, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[11] Plaintiff obviously does not need to respond to Defendant Rose's motion because he has already done so.